IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ENGLAND, and on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-02877 |
| v. | ) ) | Judge Martha M. Pacold |
| UNITED AIRLINES, INC, | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S RESPONSE TO THE COURT'S FEBRUARY 3, 2022 ORDER
REGARDING WHETHER THIS CASE IS MOOT AND
WHETHER PLAINTIFF HAS ARTICLE III STANDING**

Plaintiff Kenneth England filed this case on March 13, 2020, after his employer Defendant United Airlines announced it would implement an Unpaid Time Off Program, requiring England and other employees to take unpaid leave and reduced pay. United announced this policy shortly after promising it would not reduce pay for salaried employees without consent or implement involuntary furloughs.

On February 3, 2022, the Court requested the Parties clarify two issues. First, the Court asked whether Plaintiff was in fact subject to the Unpaid Time Off Program which had only been announced, but not yet implemented, at the time of filing. Second, the Court asked whether the injunctive relief at issue in this case was moot, since the at-issue program ended in September 2020.

Plaintiff submits this brief to clarify these issues. First, Plaintiff was subject to the program described in the Complaint and suffered damages. Specifically, Plaintiff was forced to take unpaid days off and his salary was reduced by $9,962.82 due to the Unpaid Time Off Program. The

1

paystubs showing this salary reduction are attached. See Exhibits 1-9 to Exhibit A (Declaration of Kenneth England). These pay reductions are itemized as a "Temporary Pay Adjustment" on each pay stub. Second, Plaintiff's request for injunctive relief is moot, as the Unpaid Time Off Program is no longer in place.

**I.     Plaintiff Has Suffered an Injury and Damages and has Article III Standing**

To satisfy the Article III standing requirement, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The injury in fact in this case is the reduction in pay England and his coworkers suffered. England received this pay reduction due to the Unpaid Time Off Program, which was put in place shortly after United's express promise that it would not reduce the pay rate of any employee earning a salary. United announced the program on May 4, 2020 and implemented it from May 16, 2020 through September 30, 2020. On each paycheck over the course of the program, United reduced England's salary by $1,106.98. Ex. A, ¶¶ 7-15 and Ex. 1-9 thereto. In total, United reduced England's pay by $9,962.82 pursuant to the Unpaid Time Off Program. See Ex. 9 to Ex. A (showing total pay reduction under the "YTD" column).

This $9,962.82 pay reduction is a concrete and particularized injury, traceable to United's decision to implement a policy in direct violation of its contractual promise, and it will be redressed by a judgment for money damages in favor of Plaintiff and the other members of the class. Nothing more is required to satisfy the Article III standing requirement.

Finally, Plaintiff also satisfies the Article III standing on the face of the Complaint because "[a]llegations of future harm can establish Article III standing if that harm is 'certainly impending…". *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 692 (7th Cir. 2015). Plaintiff

filed this case after the Unpaid Time Off Policy was announced by a United human resources executive, mere days before implementation of the policy began. The harm was certainly impending at the time of filing. As a result, no amendment to the operative complaint is required to demonstrate standing. *Id.*

## II.     Plaintiff's Claim for Injunctive Relief is Moot

Because the Unpaid Time Off Program was implemented from May 16, 2020 through September 30, 2020, as alleged in the Complaint, Plaintiff's request for injunctive relief is moot. Plaintiff is not seeking to enjoin any United policy at this time.

## III.    Conclusion

For the reasons stated above and in Plaintiff's Response in Opposition to the Defendant's Motion to Dismiss (ECF No. 18), Plaintiff requests the Court deny United's Motion to Dismiss.

Dated: February 17, 2022            Respectfully submitted,

                                    By:     /s/ Douglas M. Werman
                                            One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Michael M. Tresnowski (mtresnowski@flsalaw.com)
WERMAN SALAS P.C.
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008
Fax: (312) 419-1025