IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ENGLAND, on behalf of himself and all others similarly situated, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 1:20-cv-02877 |
| v. | ) ) | Judge Martha M. Pacold |
| UNITED AIRLINES, INC, | ) ) | |
| *Defendant.* | ) ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE DISCOVERY**

Plaintiff Kenneth England respectfully requests leave pursuant to Federal Rule of Civil Procedure 26(d) to serve discovery on Defendant United Airlines while the Defendant's Motion to Dismiss is pending. In support, Plaintiff states as follows:

1. Plaintiff filed the Complaint in this matter on May 13, 2020, alleging Defendant received substantial "Air Carrier Worker Support" funds from the federal government, made assurances regarding how it would compensate its employees in exchange for that financial assistance, and immediately breached those assurances by imposing a pay rate deduction on management and administration employees. *See* ECF No. 1 (Complaint).

2. On July 2, 2020, Defendant filed a Motion to Dismiss. ECF No. 13. Plaintiff filed a Response on July 28, 2020. ECF No. 18. Defendant filed a Reply on August 12, 2020. ECF No. 19. It has now been over two years since the Motion to Dismiss was fully briefed, and there has been no discovery.

3. Fed. R. Civ P. 26(f) requires a conference between the parties regarding a discovery plan prior to the service of discovery requests. No such conference has occurred in this case

1

because the Motion to Dismiss remains pending.

4. Under Rule 26(d), a party may initiate discovery prior to a Rule 26(f) conference by leave of court. Fed. R. Civ. P. 26(d)(1). In the Seventh Circuit, courts consider a request for leave to initiate discovery based "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). The court determines whether the movant has shown "good cause" for a discovery order. *In re Clearview AI, Inc., Consumer Priv. Litig.*, No. 21 C 135, 2021 WL 5862494, at *2 (N.D. Ill. May 6, 2021).

5. Here, Plaintiff's request to initiate discovery is reasonable in light of the circumstances of this case. The contract at issue in the case was signed on April 20, 2020. *See* ECF No 1-1 (Exhibit A to Complaint). The Unpaid Time Off Program at issue was implemented from May 16, 2020 through September 30, 2020. ECF No 1, ¶ 24. The more time that passes from the events at issue, the greater the risk of misplaced documents, fading witness memories, or inability to locate relevant witnesses. *See Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) ("the more time passes, the more difficult it may become to obtain meaningful discovery, as evidence is lost or forgotten and potential witnesses leave defendant's employ or move away"). In addition, because this litigation will require third-party discovery from entities and individuals who had no reason to implement a litigation hold or otherwise preserve documents that may have relevance to issues in this lawsuit, further delay may prejudice Plaintiff's ability to prosecute his claims.

6. There is good cause to begin discovery in this case so that all Parties can develop an accurate and complete factual record.

7. Plaintiff's Counsel conferred with counsel for Defendant regarding the issue raised

in this Motion prior to filing. Defendant opposes the Motion.

WHEREFORE, Plaintiff requests the Court enter an Order granting Plaintiff leave to serve discovery requests on Defendant and for all other appropriate relief.

**Dated:** August 25, 2022

Respectfully submitted,

*/s/ Michael M. Tresnowski*
One of Plaintiff's Attorneys

Douglas M. Werman
(dwerman@flsalaw.com)
Michael M. Tresnowski
(mtresnowski@flsalaw.com)
WERMAN SALAS P.C.
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Phone: (312) 419-1008
Facsimile: (312) 419-1025

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was filed with the Court's CM/ECF filing system on August 25, 2022, which will serve a copy on all counsel of record.

/s/Michael M. Tresnowski
*One of Plaintiff's Attorneys*

Douglas M. Werman
Michael M. Tresnowski
**Werman Salas P.C.**
77 W. Washington, Suite 1402
Chicago, IL 60602
Tel.: (312) 419-1008
Fax: (312) 419-1025
dwerman@flsalaw.com
mtresnowski@flsalaw.com

*Attorneys for Plaintiff*