**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENNETH ENGLAND, | Civil Action No. 1:20-cv-02877 |
| Plaintiff, | |
| | Judge       Martha M. Pacold |
| V. | |
| | Magistrate    Sheila M. Finnegan |
| UNITED AIRLINES, INC., | |
| Defendant. | |

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE DISCOVERY**

Plaintiff Kenneth England ("England") has not demonstrated good cause to begin discovery at this initial stage of the litigation, prior to the Court's disposition of the motion to dismiss filed by Defendant United Airlines, Inc. ("United"). England's motion is simply a veiled attempt—his third—to urge the Court to issue a decision on United's motion to dismiss, despite the Court's repeated assurances that it has that motion under advisement. *See* Dkt. Nos. 20, 21, 28, 29. That is not an appropriate basis on which to initiate discovery, and the Court should deny England's motion.

United's motion to dismiss presents the threshold legal question of whether England can bring a third-party beneficiary claim to enforce the Payroll Support Program ("PSP") Agreement between United and the U.S. Department of the Treasury, despite Congress's decision not to create a private right of action for enforcement of this portion of the CARES Act. As such, United's motion, if granted, would be thoroughly dispositive of his claims and would obviate the need for any discovery in this matter.

Protracted discovery is the "bane of modern litigation." *Rosetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir. 2000). The Court has broad discretion to control the sequence

of discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Consistent with this authority, courts in the Seventh Circuit routinely limit or postpone discovery during the pendency of a motion to dismiss, particularly where, as here, the motion could resolve the case in its entirety, thus avoiding the time, effort, and cost associated with unnecessary discovery. *See, e.g.*, *Liggins v. Reicks*, No. 3:19-cv-50303, 2021 WL 2853359, at *1-3 (N.D. Ill. July 8, 2021); *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007). Moreover, courts often deem requests for early discovery, like England's here, inappropriate where the discovery will not advance the issues in the pending motion. *See, e.g.*, *Duneland Dialysis LLC v. Anthem Ins. Cos., Inc.*, No. 4:09-cv-36, 2010 WL 1418392, at *4 (N.D. Ind. Apr. 6, 2010) (granting motion to stay discovery pending resolution of defendant's motion to dismiss where motion involved potentially dispositive threshold issue and plaintiffs failed to show additional discovery was needed to oppose the fully briefed motion).

As England acknowledges, he must show good cause to justify his request for discovery here. *See* Plaintiff's Motion for Leave to Serve Discovery (Dkt. 30), ¶ 4. England has not come close to meeting that standard. Rather, he simply makes unsupported and conclusory claims that delaying discovery could create a "greater … risk of misplaced documents, fading witness memories, or inability to locate relevant witnesses," and, with respect to unspecified discovery he intends to take against unidentified third parties, "may prejudice Plaintiff's ability to prosecute his claims." *Id.* at ¶ 5. Tellingly, England does not identify any witnesses, information, or documents that he believes will become unavailable if he is not permitted to initiate discovery at this point, after not seeking to do so at all during the two years United's motion to dismiss has been pending, or why those purported risks exist now but did not a year ago, or even six months ago. Nor does England identify the nature or scope of his intended

discovery or explain how it would aid the parties or the Court in consideration of United's motion to dismiss. England simply has not satisfied his burden to show he would be prejudiced by waiting until after the Court's impending decision on United's motion. *See Duneland Dialysis LLC*, 2010 WL 1418392, at *3-4.

None of the cases Plaintiff cites support permitting discovery under the circumstances present here either. For example, in *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541 (N.D. Ill. 2011), the court granted in part a motion for expedited discovery only *after* denying the defendant's motion to dismiss. *Id.* at 554. Even then, the court allowed only two interrogatories that were narrowly tailored to allow the plaintiff to determine the identity of the proper parties to the action, and rejected the plaintiff's request to serve broader discovery seeking information beyond the identity of the Doe defendants. *Id.* at 555. In *In re Clearview AI, Inc., Consumer Priv. Litig.*, No. 21 C 135, 2021 WL 5862494 (N.D. Ill. May 6, 2021), the plaintiff's motion for expedited discovery arose in the context of its motion for preliminary injunction, and the court held that the plaintiffs failed to meet their burden of demonstrating the reasonableness of the requested discovery or how it would aid the court in assessing that motion. *Id.* at *2-3. Finally, Plaintiff's reliance on *Matthews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) is misplaced, as *Matthews* involved a pro se plaintiff's repeated failure to respond to discovery requests and prosecute her case, which ultimately warranted dismissal of her complaint with prejudice. *Id.* at 444-45.

In sum, England has failed to show good cause for initiating discovery prior to a decision on United's potentially dispositive motion to dismiss. This Court, therefore, should deny his motion.

Dated: September 8, 2022                    Respectfully submitted,

s/Douglas W. Hall
_____

Douglas W. Hall (*pro hac vice*)
dwhall@jonesday.com
Donald J. Munro (*pro hac vice*)
dmunro@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:     +1.202.879.3939
Facsimile:     +1.202.626.1700

Ann-Marie Woods (6321757)
awoods@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone:   (312) 782-3939
Facsimile:   (312) 782-8585

*Attorneys for Defendant United Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2022, I electronically filed the foregoing *Defendant United Airlines, Inc.'s Opposition to Plaintiff's Motion for Leave to Serve Discovery* with the Clerk of Court using the CM/ECF filing system, which will send notification of such filing to the attorneys of record at their email addresses on file with the Court.

s/ Ann-Marie Woods
*One of the Attorneys for Defendant United Airlines, Inc.*